IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>GEORGE SHEPARD,<br><br>          Defendant. | Case No. 01-10116-01-JTM |

**MEMORANDUM AND ORDER**

This matter comes before the court on the defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255. Petitioner sets forth three issues, all relating to his counsel's submission of defendant's appeal on the briefs, waiving oral argument.

**I. STANDARD OF REVIEW**

Title 28 U.S.C. § 2255 entitles a prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. "Unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief," the court will hold a hearing to determine the issues and make findings of fact and conclusions of law. 28 U.S.C. § 2255.

The standard of review of § 2255 petitions is stringent, and the court presumes earlier

proceedings were correct. United States v. Nelson, 177 F. Supp.2d 1181, 1187 (D. Kan. 2001)(citation omitted). "To prevail, [the] defendant must show a defect in the proceedings which resulted in a 'complete miscarriage of justice.' " Id. (quoting Davis v. United States, 417 U.S. 333, 346, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974)). A § 2255 motion is not a substitute for appeal, and relief is not available merely because of error that may have justified reversal on direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979).

## II. PROCEDURAL BACKGROUND

In July 2002, a jury found George Shepard guilty of twenty-four counts of money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i); one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); one count of transportation of stolen property, in violation of 18 U.S.C. § 2314; and one count of wire fraud, in violation of 18 U.S.C. § 1343. Mr. Shepard appealed to the U.S. Court of Appeals for the Tenth Circuit, claiming insufficient evidence supported his convictions.

The docket summary for the Tenth Circuit indicates that a hearing on Mr. Shepard's case was set for September 2004 in Denver, Colorado. Mr. Shepard's counsel, Larry Kissee, requested oral argument in his brief. The appellate docket notation indicates that thereafter, Mr. Shepard, through counsel, filed a motion to waive oral argument and submit the matter on the briefs. The Circuit granted the motion, and excused counsel from argument. On February 2, 2005, noting that after examining the briefs and appellate record, the panel unanimously determined that oral argument was not necessary, the Circuit affirmed the convictions. United States v. Shepard, 396 F.3d 1116, 1117(10th Cir. 2005).

## II. ANALYSIS

Although Mr. Shepard frames his argument in three parts, his claims all relate to the central issue of ineffective assistance of counsel. Mr. Shepard alleges that counsel's failure to appear at oral arguments prejudiced Mr. Shepard's case. In particular, Mr. Shepard notes that his constitutional rights under the Fifth and Sixth Amendment were violated by counsel's actions. Mr. Shepard also argues that his character has been "marked as being undeserving of a fair adjudication of his appeal rights." Mr. Shepard indicates that the court's willingness to permit him to remain free during appeal indicates that he is of good character, contrasting it to that of his counsel.

To state an ineffective assistance of counsel claim under 28 U.S.C. § 2255, the Tenth Circuit requires defendant make two showings. First, that his attorney acted deficiently by making errors "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. 2052. Second, a defendant must show how the deficient performance prejudiced the defense. Id. See also Rogers v. United States, 91 F.3d 1388 (10th Cir.1996).

Mr. Shepard alleges that his counsel's failure to appear at oral argument prejudiced his case. In essence, Mr. Shepard is setting forth an ineffective assistance of counsel claim. The court finds that Mr. Shepard fails to satisfy the requirements of such a claim. Although Mr. Kissee requested and then withdrew his request for oral argument, he also fully briefed his client's arguments for the court. The Tenth Circuit had counsel's written arguments to review before it rendered a decision.

Whether to request oral argument is a matter within counsel's judgment. Fed. R. App. P. Rule 34(a)(1) (noting that a party may file a statement explaining why oral argument is necessary). Mr. Shepard has not shown how oral argument would have added to his case or altered the Circuit's ruling, particularly since the issues were fully briefed. The record does not indicate that Mr. Shepard's case was prejudiced by the lack of oral argument. In fact, cases are often determined without such argument.

IT IS ACCORDINGLY ORDERED this 10th day of May 2006, that the court denies the Motion to Vacate (Dkt. No. 167).

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE